UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ALABAMA

MOBILE DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIM MOSLEY, an Individual; | ) | |
| MELVIN PIERCE PAINTING, INC., | ) | |
| | ) | |
| | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants Melvin Pierce Painting, Inc. (hereinafter "Melvin Pierce"); and Tim Moseley (hereinafter "Mosley"), an individual, enjoined from violating the provisions of §§ 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "the Act"); and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime compensation, together with an equal amount as liquidated damages.

I.

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II.

  A. At all times relevant to this Complaint, Defendant Melvin Pierce has been a corporation operating a painting business and having a place of business and doing business in Mobile County, Alabama.  Melvin Pierce is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

  B. At all times relevant to this Complaint, Defendant Mosley acted directly or indirectly in the interest of Melvin Pierce in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III.

  At all times hereinafter mentioned:

  A. Defendants, while engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

  B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and Melvin Pierce has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV.

  Since February 27, 2012, Defendants violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours

without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed by, among other things, failing to pay certain painters for the hours that they worked over 40 hours.

V.

Since February 27, 2012, Defendants, who are employers subject to the provisions of the Act, violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VI.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7(a) and 11(c) of the Act and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages since February 27, 2012 and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof, and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate, including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date that the back wages became due until paid, and costs of this action.

Respectfully submitted this 29th day of September, 2017,

| | |
|---|---|
| ADDRESS: | NICHOLAS C. GEALE |
| | Acting Solicitor of Labor |
| Office of the Solicitor | |
| U. S. Department of Labor | STANLEY E. KEEN |
| 61 Forsyth Street, S.W. | Regional Solicitor |
| Room 7T10 | |
| Atlanta, GA  30303 | ROBERT WALTER |
| | Counsel |

Telephone:  By: */s/Melanie A. Stratton*
(678) 237-0618        MELANIE A. STRATTON
(404) 302-5438 (FAX)        Trial Attorney

 By: *s/Leslie Brody*
        LESLIE BRODY
        Trial Attorney

Email:
Walter.Robert@dol.gov
brody.leslie@dol.gov
stratton.melanie.a@dol.gov
ATL.FEDCOURT@dol.gov        Attorneys for the Secretary of Labor,
        United States Department of Labor